# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50685
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO HUERTA-GUTIERREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1437-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Antonio Huerta-Gutierrez appeals the 51-month within-guideline sentence imposed after he pleaded guilty to illegally reentering the United States after deportation. We review sentences for reasonableness under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). Generally, we first determine whether the district court committed any "significant procedural error, such as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We then consider "substantive reasonableness . . . under an abuse-of-discretion standard." *Id*. The 51-month sentence is undisputedly within the properly calculated guideline range and is thus presumed reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Huerta-Gutierrez nonetheless contends that the sentence is substantively unreasonable because it is greater than necessary to achieve federal sentencing goals. He argues that the illegal-reentry Guidelines lack an empirical basis so that his sentence is not entitled to a presumption of reasonableness; but he acknowledges that the argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357,366-67 (5th Cir. 2009). Otherwise, his mere disagreement with the district court's assessment of the sentencing factors is insufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Huerta-Gutierrez has not shown that his sentence was substantively unreasonable. *See Gall*, 552 U.S. at 51. The judgment is AFFIRMED.